2410117. We'll give everybody a second to get situated. We have Ms. Darby here for the appellate. Mr. Hunchide, did I pronounce that correctly? For the appellate. Great. Ms. Darby, whenever you're ready. No hurry. May it please the court. When Josh Gaines pleaded guilty to third-degree receiving stolen property in 2019, he was informed that he could not be sentenced to prison time for that offense. Under Alabama law at the time, his understanding was correct because a combination of Alabama sentencing laws, which have since been amended, stated that, or provided that a state court judge could not impose a sentence of imprisonment or a class D felony offense. This legal framework set up Mr. Gaines's two main defenses at trial. First, a factual defense for the jury that he didn't know he had been convicted of an offense punishable by more than a year imprisonment. And second, a legal defense that his receiving stolen property conviction was not punishable by more than a year imprisonment. But the district court erred in two rulings related to this issue. First, by instructing the jury that it could convict Mr. Gaines of the 922 G count if it found he had been convicted of a felony. And second, by denying Mr. Gaines's for a judgment of acquittal. The court further erred in denying Mr. Gaines's suppression motion. The district court erroneously instructed the jury that it could convict Mr. Gaines if, upon finding that he possessed the gun at issue, he knew he had been convicted of a felony, a crime punishable by a term of imprisonment exceeding a year. In instructing the jury in that way, the court undercut Mr. Gaines's theory of defense and added a word that's not found in section 922 G1. 922 G1. In fairness to the district court, right, it was copying pattern instructions. So the fault may be ours. Well, in fairness to the court, yes, it was copying pattern instructions. But this court has instructed that pattern instructions act only as a guide for judges when fashioning. You know, was there an objection to this instruction? Yes, Your Honor. Okay. Yes, Your Honor. And the requested instruction instead asked the court to follow the statutory language that included the crime punishable by more than a year of imprisonment. I have a question about the objection as well. When the objection was made to the patterns, and I just don't remember, was the suggestion that the word felony be stricken entirely and just the punishable by more than a year language substituted in? And then we got this sort of hybrid version that keeps felony in with the comma phrase and then the Yes, Your Honor. Okay. Yes, Your Honor. That's my recollection. Right. So you wanted, or not you, but your side wanted an instruction that just said no word felony but just a crime punishable by prison for more than one year, right? Correct, Your Honor. Okay. So why is that the kind of thing that we should reverse on when the word felony means a crime punishable by imprisonment for more than one year? They're the same thing. In this case, Your Honor, it was particularly problematic because Mr. Gaines had made statements to officers during a traffic stop that he had been convicted of a felony, but there was also extensive evidence presented at trial to reflect that under a quirk of Alabama law at the time, he couldn't actually be sentenced to imprisonment for that offense. It was considered a non-prison event. So in this case, that distinction is particularly important. Yeah, but why is it, why does that go to your legal, I mean, I guess I understand you've got a bad fact where he sort of admitted that he knew he was a felon, okay, but why isn't that just about your legal argument that the crime, the actual crime, wasn't one that he could have served for more than a year under? Because, Your Honor, what matters is what Mr. Gaines knew, and under Rahafe, he has to know the facts that make him a prohibited person under Section 922g, and it's not that it was a felony. I think the range... But it was that it was a felony because the definition of felony is a crime punishable by imprisonment for more than one year. Typically, that's shorthand, and that's how most places handle it. However, for example, the Third Circuit in... I guess my point, though, is your argument is that he wasn't actually convicted of a crime that was punishable by more than one year, right? That's your argument. Why isn't, I mean, that just seems like a completely separate thing than, he may have, for example, he may have thought, like, he may have absolutely 100% believed he was convicted of a crime that was punishable by imprisonment for more than one year. That still doesn't do anything to your argument that he wasn't, the legal argument that he wasn't. Correct, Your Honor, and to be clear, like, these are two separate issues. Yeah, so I guess the fact... I guess that's why I don't understand the use of... how the use of the word a felony mattered for the jury instructions when the felony means a crime punishable by imprisonment for more than one year, which is what the district court told the jury it meant. Because in this case, in the way that that jury instruction is most naturally read is to say, knowing he had been convicted of a felony, which is a crime punishable by more than one year, but what matters is what Mr. Gaines understood. So the fact that he may have said he knew that he had been convicted of a felony didn't reflect that he knew that he had been convicted of a crime punishable by more than one year, and the felony misdemeanor issue isn't raised in Section 922G except for in, like, a very limited circumstance. But you didn't ask for an instruction to the jury that the fact that they've heard evidence that he admitted he'd been convicted of a felony doesn't mean he was convicted of a felony. That's an issue of law, not of his belief. Whether he had actually been convicted of an offense punishable by more than a year, yes, would be an issue of law, which was addressed in the sufficiency of the evidence argument. So the jury still needed to be instructed correctly on Section 922G, which simply doesn't include the term felony. So I guess I took your argument with respect to the jury instruction to be basically, look, he had admitted he knew that he had been convicted of a felony, but he didn't know because his lawyer had told him or whatever, he didn't know that he had been convicted of a crime punishable by at least a year in prison. And so there's this disjunction, and so the instruction messes all that stuff up, right? So here's my question. What about this document, this registration of felons document that he signed that told him, you're subject to the Federal Gun Control Act of 1968, which prohibits anyone convicted of a felony from receiving, possessing, or transporting any firearm. Like, he signed that document. I'm subject to that law. I can't have a gun. Your Honor, and I think that would go to, I still think that would be a question for the jury. There was... Why, just so I'm clear, why is that? Because even though there was information in that form, there was still countervailing information from his attorney that he wasn't actually subject to prison time. But I guess, I mean, does that really matter if he has confessed the ultimate issue? He's acknowledged, I know in signing this thing, I know I'm subject to the Federal Gun Control Act of 1968, which is the thing, right? That is 922G. Yes, Your Honor. And I think it still does, because 922G, despite the fact that that form was admitted, and in several of the forms that were submitted to the jury, there were some procedural courts is when they were submitted to the court. Yeah, no, no, no. I totally get it that you think it was submitted too late, but you don't deny, and he doesn't deny that he signed it way back when, right? I believe that's correct, Your Honor. Okay. Let me just ask you, to me, I mean, just speaking for myself, all of this just goes back to your legal argument. This has nothing, I mean, you're so, could you address why you think he wasn't convicted of a felony? I mean, it seems like he was. Sure. Well, and Your Honor, there's the Alabama, candidly, this was a weird sentencing law that was in play in Alabama. The Split Sentencing Act, which, when you look at it, says the same thing as if it said, someone who does not have a prior conviction, a prior felony conviction, cannot be convicted of a crime punishable by more than a year. In other words, he can't be sentenced to more than a year. And you're saying the focus is at the time of conviction. And because of the Split Sentencing Act, at the time of the conviction, he couldn't be sentenced to more than a year. And therefore, he doesn't fit the predicate for the federal statute, 922G. Exactly, Your Honor. But the question that the government has raised, and I thought you were going to get to, is, but what happens if he misbehaves later and it collapses down on him and he gets more than one year? He's punishable by more than one year. Yes, Your Honor. That comes back to your, we look at his conviction. Why do we freeze at the time of his conviction? Because it's what the court could have lawfully imposed when he was convicted. And I think the Tenth Circuit has addressed this issue in Heisey, in the Heisey case, and held that they don't want to rely on these contingencies that aren't in place at the time of the conviction. Bridge too far, or several bridges too far, so to speak. Precisely. But Phillips, I thought, had a pretty good dissent on that. You know, you read the majority opinions on all these cases, and then you read that dissent, and it goes back and forth. His point was the road map was laid out. We knew at the time of conviction, and why are we focusing on that anyway? Road map was laid out. If you do this, you can get more than a year. And he did this. Therefore, he knew at the time of conviction what he was going to get if he did it. Yes, Your Honor. My time is up. No, you can answer. You can answer. I think the kind of additional quirk that we have here is there are other Alabama laws at play that limited any sentence that he would potentially serve on a revocation of probation to either a third of his split sentence, which would have been less than a year, or two years, whichever is less. So in this case, realistically, Mr. Baines was never looking at a year imprisonment. Judge Brasher has a question. So the other argument that the government makes is that there's an opportunity for community corrections, and so why isn't the opportunity for community corrections, why doesn't that potential satisfy the filling definition? Yes, Your Honor. So we read the statute, the term imprisonment, to require a plain meaning, which would be akin to incarceration. And Alabama law treats community corrections as a alternative to incarceration, with control by a judge who governs revocation and significantly more freedom than someone who is incarcerated within the Department of Corrections. Okay, very well. You've got five minutes of the panel. Let's hear from the government. Good morning. May it please the Court. John Hunshide on behalf of the United States. Unless the panel prefers otherwise, I'd like to focus my attention today on the predicate felony question, which I agree with Judge Brasher, is the key issue in this case. As was addressed at the beginning of the argument, there are really two ways, two different avenues and roads, which are very different but end in the same place, which is affirming the district court's decision here that Mr. Gaines's predicate felony was a crime punishable by more than a year imprisonment under Alabama law. The first way the court can get there is just to hold simply that community corrections is a form of imprisonment under Alabama law. Why does it matter that it's under Alabama law? This sort of harkens back to the last argument, but isn't that a question of federal law? Well, whether it's a question of federal law or state law, Your Honor, we get to the same point because community corrections under Alabama law allows confinement and work release as examples of what can constitute service of a community correction sentence. And those are things that the federal statutes allow a term of imprisonment to be served in as well. So talk to me about federal law because I guess I think the statute, the term imprisonment is a term of federal art, so to speak. So talk to me about federal law. Yes, Your Honor. So in 13... in 1360... in 3622 and 3624, Your Honor, there are authorizations by statute that allow a term of imprisonment to be served either through confinement or work release or also through home detention or even confinement in a community corrections or a community facility. And so that would suggest that federal law here allows for community corrections to be a way of serving a term of imprisonment. Sort of generally or, I mean, so I guess I think I read that statute as sort of an exception proves the rule kind of thing because I think her plain meaning argument is pretty powerful, right? I mean we all, everyone knows what imprisonment means. And so when a federal statute kind of like carves out this weird exception where in this circumstance you can serve out some time of imprisonment and community corrections, I'm not really sure that like that's wholly generalizable. Yes, Your Honor. Well, I'd like to push back just a little bit if you don't mind on whether federal or state law controls. I think this court's decision in Nix suggests that state law controls whether or not a crime is one that is punishable by more than a year imprisonment. And that's because it's looking at the definition of 92120 where it says the term crime punishable by imprisonment for a term exceeding one year and then says what constitutes conviction of such a crime which is a crime punishable by imprisonment for a term exceeding one year is determined in accordance with the law of the jurisdiction where the proceedings are held. So I view 92120 to direct the court and to direct us to look at state law to determine what is a crime punishable by imprisonment for a term exceeding one year. Including what constitutes imprisonment. Yes, Your Honor. So for instance in the Barlow case out of the Fourth Circuit which follows the defendant specific approach that Gaines has suggested that this court engaged in even in that situation the court held that a defendant who is subject to a period of incarceration that was under one year but also had a supervised release term which unlike federal law was included in part of the term of imprisonment. So it was considered part of the same sentence. The Fourth Circuit in that case held that that was still a sentence that was punishable by more than a year imprisonment. So if state courts or statute says probation is a form of imprisonment you'd say for the purposes of the federal statute that's the answer? Your Honor, that's because of the way Congress has drafted the statute which is. I assume that yes that's because of the way Congress adopted. Yes, Your Honor, because of the way Congress has chosen to explicitly evoke and incorporate state law here. But what I think the provision is getting at. So if a state said everything that happens after your conviction no matter what it is the judge says I'm not going to impose any restrictions on you. It was a mistake. You're youthful. Go. If state law says everything that happens after conviction is imprisonment under the federal statute we'd have to find that that's imprisonment. Well, Your Honor, I think you have to look at the context which 922G and the definition of felony is adopted here which is I'm not aware of a state that has a framework like that. But yes, to answer your question. That's why I asked the hypothetical to bring out the extreme nature of your position that whatever the state says counts. Yes, Your Honor, I understand. But I would point to the fact that the statutory text itself points to state law and that's the fact that if a state's engaged in that sort of behavior Congress might choose to modify that and include it. Yes, but state, they look to state law to see what's actually going to happen to the person when the judge says judgment imposed, next case. What's going to happen to the person? But they don't look to state law to determine what the definition of imprisonment is for purposes of the federal statute, do they? I believe they do, Your Honor. But even if you disagree with the government's position there, we'd still . . . Why would you do that? I thought the whole purpose of this requirement of impunishable by a year or more is to make sure that there are serious offenses covered and non-serious ones or not as serious ones aren't covered. But if you let it depend on the state, 50 different states, D.C., 51, then how does that effectuate the legitimate purpose of the statute? I think because the 50 states, in the common law understanding of what a felony is, which is, as Judge Brasher pointed out, a crime punishable by a year or more. No, no. I'm talking about the term imprisonment. If you look to the state courts to say what does the term imprisonment in the federal statute mean, then you're going to have a wide variety of different rules and a person in Delaware can carry a firearm after conviction for a crime, but a person in Georgia convicted of the identical crime with elements can't. Is this the right way to look at this? Harking back to the last discussion we had with the previous case, that imprisonment means something as a matter of federal law, right? There's some federal question there. But then there's also a state question about whether a particular kind of And so it just kind of depends on what the question is. So if the argument is that probation equals imprisonment under federal law, then maybe that's wrong. Maybe the word imprisonment in the federal statute just doesn't count as that. But if the argument is that a particular form of state-specific corrections, like community corrections under Alabama law, is comparable to imprisonment, then that's something that we should be looking to Alabama law to figure out and not just ourselves. Yes, your honor. I think the most instructive case in that respect is the Freedly case with the Alabama Supreme Court. So in that case, the defendant was incarcerated in the Alabama Department of Corrections and filed a motion to transfer his sentence to community corrections, which was granted by the court, by the district court that sentenced him. But what the Alabama Supreme Court said is that even though after the fact he was an excluded offender under the Alabama Community Corrections Act, that was not next post facto law because it didn't increase his punishment. And I think that shows, as a matter of Alabama law, that community corrections and incarceration are two ways to serve a term of imprisonment. So Alabama law requires, for this particular offense and for any felony, a specific term of imprisonment be imposed. So in this case, it's not less than a year and a day, and then not more than five years. And then what the Split Sentencing Act does is it places limitations on how that particular term of imprisonment can be served, whether it will be served in incarceration in the Alabama Department of Corrections, whether it will be served in confinement in community corrections, but it's still a term of imprisonment, or whether it will be suspended and the defendant will be placed on probation for a period of terms with that sentence suspended. Can you address the following, which I think is kind of the main thrust of their argument, which you really haven't hit. Their argument is just as a matter of federal law, imprisonment means incarceration. So anything short of incarceration is not imprisonment. Can you address that? Yes, Your Honor. So I think the statutes I pointed to earlier show that federal law contemplates that the service of a term of imprisonment can include alternative forms of serving that sentence other than incarceration. But in addition, I think the case that's cited in the reply brief, the Wright case is an opposite because it deals with the guidelines issue of what counts for a revocation of a particular sentence for the purpose of assessing criminal history points. And can I ask you a question just about the statute that you cite, 3624? I think, is that, do I have the right? Yeah, 3624. So that, I guess, seems to me to say in this unusual circumstance, like at the tail end of what I would call like a real sentence of imprisonment, you can serve out the balance of your term in community corrections. But it seems like implicit in that recognition of this exception is that the general rule is imprisonment means what we all know it means, that you're in the clink. So, Your Honor, I think the- Like, so absent being in the final throes of your sentence, then imprisonment means what we all know it means. I think that the language of 922g1 is a term of imprisonment, and that's key. So it's not necessarily how a particular sentence was served, but what the particular punishment that is in place on the defendant is. And so, as long been the case with 922g1, we don't look to the fact of how a particular defendant was particularly punished. We look at what the defendant's exposure to that offense could have been. Okay, this is a helpful segue, because I think you ought to talk about your other branch, right? Which I think the other branch is, okay, fine, he's in prison. This guy's in prison. But the statute reads a certain way, and it says convicted of a crime punishable by, and that, you know, sort of calls up what they would call like the hypothetical scenario, not the defendant-specific scenario. Will you just address briefly, because I think it's the toughest point for you, they've got some tough points as well, but this Carachuri case? Yes, Your Honor. So Carachuri-Rosendo, obviously, as the court is intimately aware, was decided in the context of the Immigration and Nationality Act, and not this particular statute. And I think that distinction makes an important difference. Is that, just so we get, before you run out of time, at least the point that I find most difficult for you, agree that it's a different statute, but isn't the architecture of the statute similar, analogous? It like begins with convicted, then it refers to felony, which is like the analogous term here is crime, and then it says punishable. And the court seems to say like, yeah, yeah, yeah, punishable, shmanishable. It says convicted, and so we got to look at this guy's record. Why does the logic of Carachuri not translate? Yes, Your Honor. So the word punishable is obviously in both statutes. And convicted, right? And convicted, yes, Your Honor. But Carachuri-Rosendo doesn't really shed much textual light on what it means for something to be punishable. Instead, Carachuri-Rosendo is decided in the unique context of where you have to look at a state conviction and translate that into a federal analog. And we don't have to do that here. There's no question about what offense the defendant was convicted of. He was convicted of receipt of stolen property in the third degree. And so the whole point of Carachuri-Rosendo, which is that we can't sort of hypothetically assume what a defendant's conviction is under the Immigration and Nationality Act, isn't applicable here because you don't have to do that. There's no dispute about what offense he was actually convicted of. And so the whole analysis of Carachuri-Rosendo, which turns on the notice requirements and counterintuitive readings of the statute where a possession of a controlled substance misdemeanor becomes an aggravated felony, all of those counterintuitive and maze of statutory cross-references don't apply here and aren't relevant here. And so the whole reason behind Carachuri-Rosendo and that limitation doesn't apply in the context of G1 because we only have to look at the question of what was the defendant's actual offense of conviction. All right, so one more for me and then I'll zip it. But what about this follow-up, this later case, Moncri versus Holder, which characterizes, I guess, the situation. It says the upshot is that a non-citizen's conviction of an offense that the CSA makes punishable by more than one year's imprisonment will be counted as an aggravated felony for immigration purposes. You're right. I still think of that context. You're still translating a state offense into a federal offense. And so that's, that analysis and that translation isn't required in the context of 922 G1. And so Carachuri-Rosendo has limited application to interpretation of this statute and what it means for something to be punishable under state law for a term of imprisonment exceeding one year. If there are no other questions, Your Honors, we would rest on our briefs and ask that the district court's judgment be affirmed. Okay, very well. Ms. Darby, you've got five minutes. Okay. Thank you, Your Honor. Just to address a couple of points raised by the government regarding community corrections as a term of imprisonment. First, I think they're referring to federal law and discussing ways that a person can be confined through the Bureau of Prisons which can include things like home supervision through a residential reentry center. But a key distinction between that and how community corrections works is that when you are on that kind of release from the Bureau of Prisons, you're under control of the Bureau of Prisons. It's your designation. On the other hand, community corrections, you're under control of a judge still. So to be revoked, to be sent back to a prison or a jail, that issue rests with the judge, not the Department of Corrections. So I think that that still makes this distinguishable. Let me ask you, on that point, so if the question here is whether an Alabama sentence of community corrections is imprisonment, what do we look to to answer that question? Do we look to Alabama's own, You know, there are Alabama Supreme Court cases that say imprisonment includes that. Or is it just like a federal question? How do we answer that? It's a federal question, Your Honor. And I think that's where the plain meaning of imprisonment comes in. And certainly, there may be issues of federal law, I mean, excuse me, of state law that might inform that federal question, but it is a federal question nonetheless. Additionally, Your Honor, as far as the government relying on Section 921.20 and the Nix case, that specific carve-out and kind of deference to state law reads most clearly to apply to what constitutes a conviction and restoration of rights. So it includes like a limitation on when there's a misdemeanor that's punishable by two years, but it's classified as a misdemeanor. But apart from that, it deals largely with what counts as a conviction, not defining imprisonment. And then finally, Your Honor, I'd like to touch on the carte resendo and the analysis that you're talking about. The punishable by language reflects that what we're concerned with in cases like this isn't just completely abstract. It's what a specific defendant reasonably faced. And in this case, Josh Gaines, with the combination of the Split Sentencing Act, the presumptive sentencing standards, he didn't face a term of imprisonment. The problem with... So, the problem with a pure sort of crime approach is that I think you sort of end up confused because you look at like, you know, what sort of the maximum sentence would be for sort of anybody. But it seems like one problem with your approach is that you really have to get down to the nitty-gritty of what a particular individual is going to get sentenced to. How do we... How do we avoid that problem? I mean, Your Honor, to some extent it is going to take a little bit getting down into the nitty-gritty.  not all of this... not all of this statute is still in place and the restrictions on... or the requirement that a Class D felony is sentenced to... Let me give you this hypothetical. Let's say that a state has a sentencing scheme where on your third misdemeanor you get an automatic two years. Does that mean that that misdemeanor is a felony? So that would fall within the carve-out. That would fall within the carve-out in Section 921 because there is that classified as a misdemeanor, but punishable by two years. On the flip side, I think if you have something that's punishable by three years like under a recidivist statute, a misdemeanor, then yes, I do think that becomes more of a question because then it's focusing on a crime punishable by more than a year in prison. Yeah, so I mean if we look at the defendant we would say well this is his third one of these and so that makes it the equivalent of a felony, right? Assuming that he was charged and convicted that way. Right. But, I mean based on documents that were included in the sentencing record which under Alabama law the documents establishing Mr. Gaines' range of imprisonment are included in the sentencing record and available. What would you do with a scheme that it's not statutory but it's like highly presumptive guidelines based where someone you know it's a three strike regime or something like that where your first conviction you're not eligible for prison at all your second conviction you're eligible for up to a year and your third conviction you know the guideline range presumptive guideline range says three years. If a statute mandates that the sentencing court imposes those guidelines but for some exception would that mean that we would have to like apply those guidelines to determine whether something was a felony? I think it would depend on kind of the restrictions on how a court could find the aggravating factors. So, for example under Alabama law when we're dealing with the presumptive Well, Alabama doesn't have that regime but I mean just imagine a state that has has that regime. Right? Yes, Your Honor. And I you know I think with recidivist statutes I mean I think the court has addressed recidivist statutes and what matters in those cases is whether the record reflects that they were a recidivist and they were sentenced as a recidivist. So, in that way it's looking at like a particular defendant and the fact that there is a recidivist enhancement that could apply if a defendant has convictions but the defendant that you're dealing with doesn't then that's not going to kick in. Okay. Okay. Very well. Thank you so much. Well argued on both sides. We'll proceed to the third case which is